UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAHKTIYOR KHABIBOV, : | |
| Petitioner, : | Civ. No. 15-7566 (KM) |
| v. : | |
| OSCAR AVILES, : | OPINION |
| Respondent. : | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The petitioner, Bakhtiyor Khabibov, is an immigration detainee at the Hudson County Correctional Center in Kearny, New Jersey. He is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention. For the following reasons, the habeas petition will be denied without prejudice.

### II. BACKGROUND

Mr. Khabibov, a citizen of Uzbekistan, was admitted to the United States in 2013 with permission to remain until March 2, 2014. In February 2014, he filed an application for asylum and for withholding of removal. He was interviewed on his asylum application on April 10, 2014.[1] On June 30, 2014, he was ordered to appear at the offices of the Department of Homeland Security ("DHS"). At that time, he was detained by immigration officials without bond.

Mr. Khabibov then requested a bond redetermination before an Immigration Judge ("IJ"). On July 30, 2014, an IJ held a bond hearing. On August 21, 2014, the IJ denied bond to Mr.

---

[1] Mr. Khabibov has now admitted that his visa application contained false information and that his original asylum application was untrue and was fabricated by the attorney who then represented him (not current counsel).

Khabibov. On October 16, 2014, the Board of Immigration Appeals ("BIA") affirmed the IJ's denial of bond.

Mr. Khabibov then filed a federal habeas petition with this Court in February 2015. In that petition, Mr. Khabibov contested the IJ and the BIA's denial of bond and stressed that he is not a flight risk, does not endanger the community, and does not pose a threat to national security. This Court denied that federal habeas petition without prejudice on June 2, 2015. *See Khabibov v. Aviles*, No. 15-1298, 2015 WL 3492512 (D.N.J. June 2, 2015) At the time of that Opinion, Mr. Khabibov had been in immigration detention for approximately eleven months. *See Khabibov*, 2015 WL 3492512, at *3. The opinion noted that this eleven-month detention period was shorter than periods found *not* to be sufficient to warrant habeas relief in other cases. *See id.* Nevertheless, I dismissed that habeas petition without prejudice to another application "should Mr. Khabibov's pre-removal detention continue for a substantial period of time beyond August 20, 2015 (the date of Mr. Khabibov's next immigration hearing), without substantial justification."[2] *See id.*

Thereafter, in October 2015, Mr. Khabibov filed this habeas petition. He states that he is still in immigration detention and that his detention is likely to continue for an indefinite period. Such prolonged detention "without an opportunity to be released on reasonable" bond, he says, violates the United States Constitution. (*See* Dkt. No. 1-1 at p. 9) He claims further that his procedural due process rights have been violated. He requests that he be released or be given a bond hearing before this Court.

---

[2] This Court also determined that Mr. Khabibov received all the process that he was due at the bond hearing before the IJ and that it would not second guess the substance of the agency's decision to deny bond. *See Khabibov*, 2015 WL 3492512, at *4. I declined to order a new bond hearing because nothing in the record suggested that Mr. Khabibov had sought or was prevented from seeking a bond redetermination under 8 C.F.R. § 1003.19(e). *See Khabibov*, 2015 WL 3492512, at *5.

On December 22, 2015, after Mr. Khabibov filed this federal habeas petition, he was given another custody redetermination hearing before an IJ. The IJ ordered that Mr. Khabibov's request for a change in custody status be denied because he had failed to establish changed circumstances. (*See* Dkt. No. 11-1 at p. 1) On January 6, 2016, Mr. Khabibov's removal hearing began. The next hearing date is scheduled for March 9, 2016, but the IJ has stated to the parties that he may issue his decision on removal before then.

### III.   LEGAL STANDARD:  IMMIGRATION DETENTION

The Attorney General has the authority to detain aliens during the "pre-removal" period, that is, while removal proceedings are ongoing but before the issuance of a final order of removal. Section 1226(a) of Title 8 of the United States Code permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a).

"Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to pre-removal detention that is mandatory:

> The Attorney General shall take into custody any alien who—
> A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

## IV.  DISCUSSION

### A.  Non-applicability of *Zadvydas*

This habeas petition, like the earlier one, cites *Zadvydas v. Davis*, 533 U.S. 678 (2001). My prior opinion explains why *Zadvydas* does not apply in the pre-removal context. *See Khabibov*, 2015 WL 3492512, at *2.

### B.  Pre-removal Immigration Detention

The standards that do apply to pre-removal detention are likewise laid out in my prior Opinion:

> Pre-removal detention is governed by separate standards. In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), for example, the United States Court of Appeals for the Third Circuit held that *mandatory* pre-removal detention under Section 1226(c) may extend to the point that "the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof." *Id.* at 235.
>
> Mr. Khabibov, however, has been detained under the discretionary regime of Section 1226(a). He was required to, and did, receive a full hearing on the question of release on bond. Bond was denied, as was his appeal, and he has not moved for a bond redetermination at the administrative level, pursuant to 8 C.F.R. § 1003.19(e). *See Nepomueceno v. Holder*, No. 11–6825, 2012 WL 715266, at *4 (D.N.J. Mar.5, 2012) (Martini, J.) (dismissing

4

> habeas petition of 1226(a) detainee who had received bond hearing).
>
> A detainee stuck in pre-removal limbo for an indefinite period may be entitled to relief. There is authority recognizing the possibility of such relief, albeit in the course of denying it. *See Bulatov v. Hendricks,* No. 11–0845, 2012 WL 4753366, at *6–7 (D.N.J. Oct.4, 2012) (Hochberg, J.) (denying relief as to 30–month detention) (citing *Contant v. Holder,* 352 F. App'x 692 (3d Cir.2009); *Prieto–Romero v. Clark,* 534 F.3d 1053 (9th Cir.2008)). In *Contant,* the Third Circuit held that the alien petitioner's 19 month pre-removal-order detention was not "indefinite," because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his country of origin. In *Prieto–Romero,* the petitioner had been detained for three years. The Ninth Circuit nevertheless found that the petitioner's detention was not "indefinite," because a petition for review of the administrative order of removal was pending, and there was no indication that the petitioner could not be repatriated to his country of origin if he was ordered removed.

*See Khabibov,* 2015 WL 3492512, at *3.

Mr. Khabibov has been in immigration detention since June 30, 2014 – approximately nineteen months at this writing. A nineteen-month delay was previously found by a panel of the Third Circuit in *Content* to not warrant granting habeas relief to a petitioner who is in immigration detention pursuant to 8 U.S.C. § 1226(a). *See Contant,* 352 F. App'x at 695. Furthermore, it is far shorter than the three-year period the Ninth Circuit examined in *Preito-Romero* that was cited to by the Third Circuit approvingly in *Contant.*

Just as important, however, are the circumstances surrounding that 19-month delay. There is no indication that Mr. Khabibov has been denied due process or that his pre-removal detention threatens to continue indefinitely; on the contrary, he has had two bond hearings and a removal hearing, and the IJ seems to be poised to render a decision. There was an initial bond determination, after a hearing, in August 2014. There was a second bond determination on December 22, 2015. Although understandably unhappy with the denial of bond, Mr. Khabibov

5

has not established that he was denied due process in connection with his bond hearings. He urges that if released on bond he can be trusted to appear. In that connection, it is worth repeating that he was taken into custody after overstaying his visa application and that he admits to filing a false, indeed almost wholly fabricated, asylum application, for which he blames his former attorney.

Recently, on January 6, 2016, Mr. Khabibov had a hearing on the merits of removal. The removal hearing may have been delayed, but in any case it has now been held. A ruling on removal should follow in due course. The IJ seemingly did not make a firm commitment, but stated that he may render a removal decision before a second scheduled hearing date of March 9, 2016, a little over two months off. In short, Mr. Khabikov's pre-removal status is not "indefinite," and he is not in the sort of procedural limbo that would warrant extraordinary relief.

C. Review of Bond Decision

This habeas petition, like the prior one, may be read as a substantive challenge to the IJ's denial of bond. In my prior Opinion, I discussed the case law establishing that I lack the power to review or second-guess the substance of a discretionary bond determination by the IJ. *See Khabibov*, 2015 WL 3492512, at *4 (citing 8 U.S.C. § 1226(e); *Reeves v. Johnson*, No. 15–1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (citing *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 454 (D.N.J. 2004))); *see also Morrison v. Elwood*, No. 12–4649, 2013 WL 323340, at *3 (D.N.J. Jan. 28, 2013); *Harris v. Herrey*, No. 13–4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013). As before, Mr. Khabibov generally alludes to *Matthews v. Eldridge*, 424 U.S. 319 (1976), a case pertaining to due process in connection with social security benefits. No procedural flaw is identified, however; it is clear that Mr. Khabibov's argument is directed to the substance of the denial of bond, not the process involved. Habeas relief on this issue is not warranted.

D. <u>Request for Bond Hearing</u>

Mr. Khabibov requests in the alternative a second bond hearing. As described above, however, he was given a second bond hearing on December 22, 2015, after his petition was filed.[3] He has now had two custody reviews before an IJ, who both times denied release on bond. He requests that this Court conduct a bond determination, but, for the reason stated above, there are no grounds for this Court to supersede the agency's discretionary determination. This Court will not order another bond hearing.

## V.  CONCLUSION

For the foregoing reasons, Mr. Khabibov's habeas petition will be denied without prejudice to a later reapplication in light of changed circumstances. An appropriate order will be entered.

DATED: January 29 , 2016

KEVIN MCNULTY
United States District Judge

---

[3] 8 C.F.R. § 1003.19(e) states as follows: "[a]fter an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."